RUGGLES *vs.* HOLDEN.

*A surety for the payment of rent to a landlord, who engages, in case of default by the tenant, to make up the deficiency, and fully satisfy the conditions and agreements of the tenant, without requiring notice of non-payment or proof of a demand being made of the tenant has no right to call upon the landlord to distrain the tenant's goods, and is not exonerated from his covenant, though the landlord, on request, refuses so to do.*

ERROR from the New-York common pleas. Holden sued Ruggles in the court below in an action of covenant, and *declared* on an instrument under seal, bearing date 3d May, 1826, executed by Ruggles, attached to another executed by one Grove Goodrich. Goodrich had hired of Holden certain rooms in a dwelling house in the city of New-York, for the term of one year from the 1st May, 1826, at the yearly rent of $150, payable quarterly, and convenanted to make punctual payment of the rent, in manner aforesaid, and to surrender the premises at the expiation of the term in as good state and condition as reasonable use and wear thereof would permit, damages by the elements excepted. Underneath this covenant, Ruggles subscribed another covenant, acknowledging that for and in consideration of the letting of the premises, he had become surety for the punctual payment of the rent and performance of the covenants to be paid and performed by Goodrich ; and if any default should be made therein, he promised and agreed to pay unto Holden such sum or sums of money as would be sufficient to make up such deficiency, and fully satisfy the conditions of the agreement, without requiring any notice of non-payment or proof of the demand being made. The plaintiff averred that Holden made default in the payment of a quarter's rent due the 1st February, 1827, and demanded the same of the defendant. The defendant *pleaded* that on the 10th February, 1827, he requested the plaintiff to proceed immediately in the collection of the rent then due, by *distraining* a sufficiency of goods and chattels, then possessed, occupied and used by Goodrich in the premises, (which he enumerated, and averred to be in the possession of Goodrich,) to pay the rent, and thereby relieve him (the defendant) from his liability as surety ; but that the plaintiff refused so to do, although he well knew that the circumstances of Goodrich were becoming desperate, and that the rent could not be collected of him by any other

process than by distress. He further averred that Goodrich has become and was a bankrupt; wherefore he prayed judgment, &c. The plaintiff demurred, and the defendant joined in demurrer. The common pleas adjudged the plea to be insufficient. The cause was then tried on the plea of the general issue, and the damages of the plaintiff were assessed at $45,90; upon which a judgment was entered for the plaintiff.

*P. Ruggles*, for the plaintiff in error. A surety is discharged, where a creditor neglects to collect his debt of the principal, after being requested to do it by the surety, and the debt is lost by such neglect. So it was held in the cases of *Paine* v. *Packard*, (13 Johns. R. 174,) and *King* v. *Baldwin*, (17 id. 387;) and this case, it is supposed, comes directly within the principle on which those cases were decided. The principle is general, and is not controlled by the species of obligation by which the surety is bound. The right of the creditor to *distrain* might have been a principal inducement to the defendant in becoming the surety.

*D. B. Shepard*, for defendant in error. A man may, without *consideration*, enter into an express covenant, under hand and seal, to the performance of which, he is at all events bound. (Esp. N. P. 269. 3 Burr. 1637. 2 Ld. Raym. 1477.) Where there is an express covenant, there must be an absolute performance, nor can it be discharged by any collateral matter whatever. (Strange, 763. 5 Cowen, 272.) The defendant covenanted to pay without requiring any effort on the part of the plaintiff to obtain the rent of the tenant; to compel him, therefore to proceed against his tenant was repugnant to the very terms of the covenant, which may have been designed to prevent the necessity of a recourse to any other means of obtaining the rent. Covenants must be construed according to the intent of the parties, and if doubtful, they must be taken most strongly against the covenantor.

*By [the Court*, SUTHERLAND, J. This case appears to me not to fall within the principle established in the cases of *Paine* v. *Packard*, (13 Johns. R. 174,) and *King* v. *Baldwin*,

(17 Johns. R. 384.) It was there held that if an obligee or holder of a note who is requested by the surety to proceed without delay and collect the money from *the principal*, who is then solvent, refuses or neglects to proceed against the principal, who afterwards becomes insolvent, the surety will be discharged. These cases proceed upon the principle that the creditor is under an equitable obligation to obtain payment from the principal debtor if he is able to pay, and not from the surety, *and that such is the essence of the contract ;* and if the creditor, after an explicit request by the surety, refuses to proceed against the principal, and thereby the means of obtaining the debt from the principal are lost, the surety is exonerated. In both those cases the suits were brought upon promissory notes made by two defendants, the one, however, being only a surety ; there was no special contract or covenant on the part of the sureties ; they merely signed the note with their principal ; there is an implied promise or undertaking under such circumstances, on the part of the creditor, that he will prosecute the principal whenever the surety shall request it, and such, as Judge Spencer expresses it, is the essense of the contract. The law adjudges that such was the understanding of the parties.

But where a party enters into a special covenant with a creditor upon a valid consideration, as surety for his debtor, such covenant is to be construed like all other contracts, and the intention of the parties is to be gathered by considering the instrument in all its provisions, and giving to the language employed, its ordinary and natural signification. It is very clear to my mind that it was the intention and understanding of the parties to this contract, that Ruggles should assume the responsibility of seeing that the rent was punctually paid as it became due, without its being necessary for the plaintiffs to take any measures to enforce payment from the tenant, or even to demand the rent from him. I should infer that the very object of the plaintiff in requiring this security was to avoid the necessity of resorting to the unpleasant process of a distress in order to collect the rent. Ruggles expressly covenants, if there shall be any default on the part of the tenant in paying his rent, that he will pay such

sum or sums of money as will be sufficient to make up such deficiency, and fully satisfy the condition of the said agreemeut, (by the tenant,) without requiring any notice of non-payment, or proof of the demand being made. Here is an unqualified covenant to pay if the tenant is in default for a day, and that without receiving any notice of the tenant's default, or of any demand having been made upon him. The defendant assumed the responsibility of ascertaining for himself whether the tenant paid as his rent became due, and, by his covenant, subjected himself to an action the moment there was a default in payment.

It appears to me that it would be doing violence to the manifest intention of the parties, to hold, that under such circumstances, the defendant had a right to call upon the plaintiff to distrain his tenant's goods, and that because he refused to do so, he had exonerated the defendant from his covenant.

Judgment affirmed.