SMITH *vs.* NIVER and ROCKEFELLER.

A new lease of premises, whether by parol or not, will, if valid, operate in law as a surrender of the former lease.

But a second lease, to operate as an effectual surrender of the first, must itself be effectual to vest in the lessee the term it professes to convey, and must bind him to a performance of its conditions, on his part.

A lessor who has consented to a change of tenancy, and has permitted a change of occupation, and received rent from the new tenant as an original and not as a sub-tenant, cannot afterwards charge the original tenant for rent accruing during the occupation of the new tenant. *Per* HARRIS, P. J.

If a lessor in fact consents that the lessee shall cease to be liable, and accepts a substituted tenant, the first tenant must be held to be discharged.

A parol agreement, for the lease of premises for one year, is valid.

THIS was an action of covenant, to recover for rent due upon a lease executed by the plaintiff to the defendants, for a farm in the town of Schodack. The term of the lease was three years from the first of April, 1841. The rent was $400 per year, payable in half yearly payments. The plaintiff claimed a small balance upon the second year's rent, and the whole of the third year's rent, except a small amount collected upon a distress warrant which had been issued by the plaintiff against the defendant Rockefeller. The defendant Niver alone defended the suit. He insisted, by way of defence, that at the end of the second year, by mutual agreement between the parties, the premises were surrendered to the plaintiff, by whom they were re-let to the defendant Rockefeller alone. The facts, so far as they are material to the questions decided, are stated in the opinion of the court. The cause was referred to a sole referee, who reported that there was due to the plaintiff $411,58. The defendant Niver moved to set aside the report.

*H. Z. Hayner*, for the defendant Niver.

*H. G. Wheaton*, for the plaintiff.

*By the Court,* HARRIS, P. J.   I think the proof sufficiently establishes the fact that there was an agreement between the parties to the lease, that at the end of the second year Niver should be discharged, and that Rockefeller alone should become the tenant of the plaintiff, for the remaining year of the term specified in the lease.

The principal question then, is as to the legal effect of this verbal agreement.   If the first lease is not to be regarded as having been surrendered, Niver, although he left the premises, with the consent of the plaintiff, has no ground of defence against the action, upon his express covenant to pay the rent. And this depends upon the question whether the new agreement was such as to constitute a valid lease between the plaintiff and Rockefeller for the third year.   The true rule seems to be that a new lease of the premises, whether by parol or not, if valid, will operate in law as a surrender of the former lease. (2 *Starkie's Ev.* 342.   *Schieffelin* v. *Carpenter,* 15 *Wend.* 400.)   In the case last mentioned, the ground of defence was that before the expiration of the term in the lease upon which the action was brought, other persons, with the consent of the lessees, had taken possession of the premises under a parol agreement for a lease for eight or ten years.   The court held that such an agreement, being void under the statute which declares that " every contract for the leasing for a longer period than one year, &c. shall be void, unless in writing," did not operate as a surrender of the first lease.   It is undoubtedly conclusively settled by authority, that a second lease, to operate as an effectual surrender of the first, must itself be effectual to vest in the lessee the term it professes to convey, and must bind him to a performance of its conditions on his part.   But it has never, I apprehend, been decided that a lessor who has consented to a change of tenancy, and permitted a change of occupation, and received rent from the new tenant as an original and not as a sub-tenant, can afterwards charge the original tenant for rent accruing during the occupation of the new tenant.   If the case of *Schieffelin* v. *Carpenter* is to be regarded as an authority maintaining this position, I think it is in that

respect wholly unsupported either by principle or adjudged cases. The landlord cannot at the same time have two *original* tenants holding under distinct, independent leases. If the lessor in fact consents that the lessee shall cease to be liable, and accepts a substituted tenant, the first tenant must be held to be discharged. The lessor has his remedy against the new tenant, and is estopped from denying a legal surrender of the first lease. (*Mathews* v. *Sawell,* 8 *Taunt.* 272.) In this case, according to the evidence, which the referee was not at liberty to disregard, the plaintiff had consented that Niver should be discharged from his liability for the third year's rent, and accepted Rockefeller as a substituted tenant. The agreement was valid, being for a term not embraced within the provisions of the statute requiring agreements of this description to be in writing. It was also executed, as appears from the testimony. The plaintiff himself had treated Rockefeller as sole tenant by instituting proceedings against him individually for the collection of the rent. Having failed to collect the rent of the party who was clearly liable for its payment under the new agreement, he had no right to resort to the covenants in the original lease, for the purpose of charging Niver with such rent. The referee therefore erred in allowing the last year's rent to the plaintiff; and the report must be set aside.

