### Lewis Damb *v.* Emanuel Hoffman.

The acceptance of rent from an assignee of a lease, though acknowledged to have been paid by such assignee and in his own name, does not discharge the original lessee from his covenant to pay the rent thereafter accruing, nor affect the liability of the surety for such lessee.

Such acceptance of rent from an assignee of the lease, does not bring the case within the rule, that the creation of a new tenancy and substitution of another tenant, under an agreement to that effect, amounts to a surrender, and discharges the former lessee and his surety.

Whether in an action upon an agreement of suretyship annexed to a lease, in which agreement the defendant becomes surety for the payment of the rent and the performance of the covenants mentioned in the lease, and agrees, in case of default by the lessee, to pay any deficiency and satisfy the conditions of the lease without requiring any notice of non-payment or proof of demand; *quere*, whether the burden is upon the plaintiff to show that a deficiency has arisen, or upon the surety to prove that the rent has been paid in full, pursuant to the requirements of the lease?

*It seems*, that this court will not reverse the judgment of one of the lower courts, upon a ground not assigned in the notice of appeal.

This action was for rent, and was founded upon an agreement written beneath a lease from the plaintiff to one Ettinger,

in which agreement the defendant, in consideration of the letting and of one dollar, became "surety for the punctual payment of the rent and performance of the covenants in the foregoing lease mentioned to be paid and performed by S. Ettinger," and agreed, "if any default should be made therein, to pay unto Lewis Damb (the plaintiff) such sums or sum of money as shall be sufficient to make up such deficiency and fully satisfy the conditions of the said lease"—among which was a covenant for the punctual payment of the rent at the close of each quarter—"without requiring any notice of non-payment, or proof of demand being made."

The plaintiff exhibited his complaint in the Marine Court, and after setting up the agreement of suretyship above mentioned, he alleged that "the defendant became liable to pay to him $187 50, being for one quarter's rent, due the 1st of August, 1854," and interest was claimed thereon. The answer, after a general denial, alleged that "the premises were surrendered to the plaintiff, and relet, with his consent, to other parties."

The cause was tried before Justice Thompson and a jury.

After setting forth the commencement of the suit and the pleadings, the return, to which were annexed the lease and the agreement in question, proceeded in these words:

"The signatures to the lease hereto annexed were admitted, and the lease read in evidence.

"One quarter's rent was due on the 1st of August, 1854, amounting to $187 50; interest, $1 25; total, $188 73. Plaintiff rests. Defendant then moved for a nonsuit. Motion denied. Exception taken by defendant. The signature of Damb to the receipt hereto annexed was then admitted, and the same read in evidence. Also that the Oppenheimer referred to in the receipt, went into possession of the premises in March, 1854. That about the 1st of May, Oppenheimer notified Damb that he was the tenant, and had bought out Ettinger, and that he refused to pay rent in Ettinger's name, as he bought the lease and paid rent in his own right; that after this, Oppenheimer paid the rent and took this receipt; that Oppenheimer has

Damb *v.* Hoffman.

rented the premises and collected the rent in his own name; that Ettinger has moved away from the premises; that Hoffman did not give his consent.

"I then instructed the jury, that upon the evidence the plaintiff was entitled to recover $188 73. That thereupon the jury rendered a verdict for the plaintiff," etc.

The receipt above referred to was in these words:

"Received, May 1st, 1854, from Mr. J. Oppenheimer, $187 50, for three months' rent for the house," describing it. Signed, "Lewis Damb."

Judgment having been rendered upon the verdict, the defendant served a notice of appeal, specifying as the ground thereof, that "the justice erred in not receiving the evidence offered by the defendant; he should have received the evidence, and rendered judgment for the defendant."

*Jacob I. Radcliffe* and *David P. Whedon*, for the defendant.

*Henry V. Vulte*, for the plaintiff.

By the Court. Woodruff, J.—The return in this case is so loose and indefinite that it is impossible for us to learn therefrom how much of what it contains was given in evidence or proved, or what was admitted by the parties. The counsel for the appellant, in his notice of appeal and in his argument, complains of the rejection of his evidence, and yet by the return, what he alleges as evidence rejected, appears to have been admitted. It is set down in the return as a fact admitted by the parties.

So, also, a statement follows the reading of the lease in evidence, which exhibits the amount of rent payable on the 1st of August, 1854, and the interest thereon. And the return also states that the "lease" was admitted and read in evidence, but is entirely silent on the subject of the instrument endorsed on the lease, by which, and by which alone, the defendant became bound to the plaintiff. Whether this was either proved or given in evidence does not appear. We are left to assume that

it must have been given in evidence, because otherwise there could have been no foundation whatever for the recovery.

If, under such circumstances, counsel bring a cause to a hearing on appeal, they will not be surprised if the court should fall into misapprehension respecting what did in fact transpire at the trial.

For the purpose of disposing of the appeal, I shall assume, as it appears annexed to the return, that the defendant's guaranty endorsed on the lease was admitted and read in evidence.

I shall also assume that the facts recited as constituting the defence relating to the assignment of the lease and the payment of rent by the assignee, were either admitted, proved, or offered to be proved.

The notice of appeal states but one ground of reversal, viz., that the court should have received the evidence offered by the defendant and rendered judgment for him, which, as the return now appears, we can only understand to mean, that upon the facts offered by the defendant as a defence, he was entitled to judgment.

Had his notice of appeal stated that the justice should have granted the nonsuit applied for, and had the nonsuit been asked on the ground that it did not appear that any rent was unpaid, it would have been important to inquire what the judge intended by his statement in the return respecting the rent payable in August, adverted to above. If we are to understand by the return that it was proved or admitted that that rent was unpaid, then we see no ground for a nonsuit; but if not, then it may not be entirely clear that any liability was made out, for it may be insisted by the defendant, with some plausibility, that until it is shown by admission or proof that a deficiency has arisen, there is nothing for him to pay.

But this objection to the plaintiff's recovery does not appear to have been stated on the trial in the court below. The return of the justice is apparently made in haste, and is not very specific. Indeed, the statement therein which follows the reading of the papers, in these words, " One quarter's rent was due on the 1st of August, 1854, amounting to $187 50," may have, perhaps,

been intended as a statement of what was conceded by the parties as the amount remaining unpaid. At all events, if the objection had been distinctly taken that the plaintiff had not shown that the rent was actually unpaid, the plaintiff would have had an opportunity to supply it. (See 3 Wend. 216.)

Be this view of the subject as it may, the appellant does not assign this objection in the notice of appeal as one of the grounds thereof. The only ground of appeal specified is as follows : " The justice erred in not receiving the evidence offered by the defendant; he should have received the evidence and rendered judgment for the defendant." He thus waives his exception to the refusal to nonsuit, and warrants us in concluding that the fact that the rent was unpaid was conceded on the trial. We ought not, I think, to reverse upon a ground not assigned in the notice of appeal, if we supposed such ground might possibly be found.

I am clearly of opinion that the other ground of defence urged by the defendant's counsel is untenable, although the creation of a new tenancy, in which the landlord shall voluntarily accept another as his tenant, upon an agreement to that effect, and by way of substitution for the first lessee, would have the effect to discharge the latter, with his sureties. (16 Johns. 587; 7 Hill, 250 ; 2 Barb. 180 ; 1 Sand. 5.) The facts stated in this return do not warrant any such finding. All that the plaintiff appears to have done was, to suffer Ettinger's assignment of his term to pass without objection and afterwards to receive rent from the assignee. This was no discharge of the covenants in the first lease. Upon an assignment by a lessee, and entry into possession by the assignee, the latter becomes liable to the landlord for the rent in virtue of his entry and holding, while at the same time, the original lessee remains liable as theretofore upon the covenants in the lease. The landlord may collect rent from either, and so far as it is paid, and so far only, are either of them discharged. Payment by the assignee is in discharge of his own duty as assignee of the term, and this duty he owes, so long as he occupies, both to his own assignor and to the landlord. It is not necessary that he should pay it in the name of

the original lessee. He does necessarily pay it in exoneration of such lessee, *pro tanto*, in whosesoever name he makes the payment. Formerly rent was always demanded on the 'demised premises, and if there was any one there to pay the rent, the landlord must receive it, but he lost no ulterior rights by receiving it at the hands of the assignee of the term in possession ; on the contrary, a tender of payment by such assignee was good, and no distress could be made.

The result of these views is necessarily an affirmance of the judgment.

INGRAHAM, FIRST J.—I concur in affirming the judgment for the reason above stated, without expressing any opinion upon the necessity of further proof than was contained in the written agreement of the tenant and surety.

DALY, J., concurred in affirming, but wrote no opinion.

Judgment affirmed.