## JAMES P. O'DOUGHERTY, Respondent, v. ILLUSTRIOUS REMINGTON and others, Appellants.

*Lease — surrender of — Contract of sale — Principal and agent — Estoppel.*

A. leased certain premises to the defendants, and died intestate, leaving B., his only son and heir at law. Before his death he conveyed the premises to the wife of B. The deed was not recorded. B. was the agent of his wife, acting under a power of attorney, and collected the rents and managed the estate. The lease was transferred by the defendants to the R. P. Co., which took possession of the premises, and B., assuming to be the owner, subsequently contracted to sell the premises to the R. P. Co. In an action to recover rent under the lease, accruing subsequent to the contract of sale, *held*, that third persons had the right to treat with B. as the owner, and the wife was estopped from disputing her husband's act; and the premises and possession thereof having been transferred to the R. P. Co., under the contract of sale, the lease to the defendants must be deemed to be surrendered.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee, in an action to recover rent under a lease.

On the 10th day of April, 1855, John O'Dougherty leased to the defendants, Illustrious, Hiram and Alfred Remington, certain premises in the village of Juhelville, now part of the city of Watertown, for the term of twelve years, at an annual rent of $600, payable semi-annually.

By the agreement of the parties the rent was increased to $900, payable semi-annually.

John O'Dougherty before his death in 1862, made a deed by which he conveyed the premises so leased to Anna M. O'Dougherty, wife of his son Patrick O'Dougherty, and gave the same to his son to be delivered to said Anna after his (John's) decease.

This deed was delivered after John's death, but was not put on record until December, 1868.

On the 13th of June, 1862, the said Anna executed and delivered to her husband, Patrick O'Dougherty, a power of attorney to lease or sell any of her real estate, upon such terms as he saw fit, and agreeing to adopt and ratify the same.

In March, 1863, Alfred Remington purchased of his copartners, the other defendants in this cause, all their interest in the business carried on upon said leased premises, and also their interest in said lease, and paid the rent from the time of the purchase to Patrick O'Dougherty, up to September, 1865.

In September, 1865, a company called the Remington Paper Company was duly organized, and it became owner of the property leased of Anna O'Dougherty. Remington continued in the business of paper making, and assumed the payment of the rent upon the lease hereinbefore mentioned, and paid the same thereafter, and until July 1st, 1866, to Patrick O'Dougherty.

On the 28th of April, 1866, Patrick O'Dougherty entered into a contract in writing, in his own name, for the sale of the paper mill and other real estate in Juhelville aforesaid, to the Remington Paper Mill Company, for the sum of $20,000. The purchase money to be paid and the deed given during the month of May, 1866. This contract contained a clause by which said paper company agreed to pay to Patrick O'Dougherty rent on the paper mill to July 1st, 1866, of $500.

This contract was not under seal, and has not been performed by either party.

This action is brought to recover the rent ($450), due by the terms of the lease on the 1st of January, 1867, which rent was assigned by Anna O'Dougherty to the plaintiff. The conveyance to Anna O'Dougherty from John was without any consideration, other than love and affection, and the existence of this conveyance was not known to the defendants or the paper company, until after this suit was brought.

After the contract to sell the paper mill to the paper company, that company went into possession, paid taxes and insurance, made repairs and collected rent from tenants living thereon, with the knowledge of Patrick O'Dougherty. The contract itself, and deed afterward executed to convey such real estate to the paper mill company, pursuant to said written contract, was in the handwriting of Anna O'Dougherty. The company paid to Patrick O'Dougherty $1,000 on the purchase-price of the property, and remained in possession until about the 17th of September, 1867, when said Patrick O'Dougherty served upon the company a notice that said contract was rescinded. Anna O'Dougherty was cognizant of, and assenting to, the various transactions between her husband and said paper mill company.

*L. J. Dorwin,* for the appellants.

*Starbuck & Sawyer,* for the respondent.

MULLIN, P. J.:

John O'Dougherty, at the time of his death, was the owner in fee of the paper mill premises. Patrick O'Dougherty was his only heir; he managed and controlled the property left by his father. There was no will nor any thing on record to show that John O'Dougherty had conveyed the property to any person. Third persons had the right to treat with Patrick O'Dougherty as the owner, especially as the real owner concealed her title, and not only acquiesced in but ratified the acts of her husband in the management and disposition of said property, she having appointed him agent for that purpose.

As between her and the paper mill company, she was estopped from disputing her husband's acts, done in good faith under the power, and in equity if not in law, she was bound, or rather the property was bound, by his acts and contracts. (*Bodine* v. *Killeen,* 53 N. Y., 93; Paley's Ag., 247, and notes; Story's Ag., §§ 444, 446; *Wendell* v. *Van Rensselaer,* 1 Johns. Ch., 344; *Town* v. *Needham,* 3 Paige, 545; *Tilton* v. *Nelson,* 27 Barb., 595; *Storrs* v. *Barker,* 6 Johns. Ch., 166.)

It is not necessary to inquire whether the acceptance by Patrick

O'Dougherty of the paper company as tenant, and the receipt of the rent therefor, after it went into possession of the mill, operated as a surrender or abandonment of the lease to the defendants from John O'Dougherty. (Taylor's Landlord and Tenant, 398, 399; *Smith* v. *Niver*, 2 Barb., 180.) As there can be no doubt as to the effect of the contract between Patrick O'Dougherty and the paper company to sell to the latter said mill property, such a transfer followed by occupation under the contract, and performance of some of the conditions by the purchaser, was wholly inconsistent with the continuance of the relation of landlord and tenant.

For the purposes of this question, Mrs. O'Dougherty must be treated as the party contracting to sell, and it cannot, it seems to me, be doubted but that, if the contract had been been made by her, the lease would be deemed surrendered. (*Peter* v. *Kendal*, 13 E. C. L., 316.)

After the sale to the company, and giving it possession, it was legally impossible for the defendants to be in possession as tenants of Mrs. O'Dougherty. She had parted with the right of possession, and could not, while the contract was in life, give the defendants a right of possession.

If not, then she could not recover of the defendants for rent when she had deprived them of the capacity to enter and occupy.

The judgment must be reversed and a new trial granted, costs to abide event, before another referee.

Present — MULLIN, P. J., SMITH and NOXON, JJ.

Judgment reversed and new trial granted before another referee, costs to abide event.