## LYDIA E. VANDEKAR, RESPONDENT, *v.* JOHN C. REEVES, APPELLANT.

*Agreement for the surrender of a leasehold term exceeding one year — not affected by the statute of frauds when it is surrendered by act or operation of law — 2 R. S. (m. p.), 134, sec. 6.*

On January 21, 1880, the parties to this action executed a lease under seal by which the plaintiff leased to the defendant, for three years, from May 1, 1880, certain premises known as the Morgan House, the rent being payable monthly. The defendant entered into possession of the premises and there remained until April, 1882. In the latter part of March, 1882, the defendant entered into an oral agreement with one Powell, by which the latter purchased certain hotel furniture and the defendant's interest in the lease, Powell agreeing to take the defendant's place as plaintiff's tenant, the plaintiff's agent agreeing to look to Powell for the rent to become due from April 1, 1882, and to release the defendant from liability therefor. Powell entered into possession and there remained till some time in August when he moved out. He paid the rent for April, May and June. On September first the premises were rented to one Reed, who paid the rent thereafter falling due.

In this action brought by the plaintiff to recover the rent due for July and August:

*Held,* that although the arrangement for the change of tenants was oral and related to a term exceeding one year in length, yet it operated, with the acts of the parties under it, to discharge the defendant from a claim for future rent, as it constituted, in effect, a surrender of the remaining term " by act or operation of law." (Per BOCKES, J.; LEARNED, P. J., dissenting.)

Where a surrender " by act or operation of law " is proved according to the rules of the common law, it is as effectual as a discharge of the lessee, as if no statute of frauds existed. (Per BOCKES, J.)

That the objection of the statute of frauds, even if good as an excuse for not entering upon the performance of the agreement, was not a valid objection after a part performance of it. (Per LANDON, J.)

APPEAL from a judgment in favor of the plaintiff, entered in Saratoga county upon the report of a referee.

The plaintiff, on the 21st of January, 1880, by writing leased to defendant the hotel known as the Morgan House, in the village of Waterford, for three years, to commence May 1, 1880, rent to be paid monthly. Plaintiff went into possession under the lease. Afterward, and in the month of March, 1882, the defendant made a verbal agreement for the sale to one Powell of some of the hotel furniture on the demised premises, and of defendant's interest in and under the lease in question, which bargain was completed on the 1st of April, 1882, at which time defendant moved out and Powell moved into the premises and paid the price agreed upon for said purchase. The plaintiff consented to said sale and transfer and agreed to receive Powell as tenant under the lease in the place of defendant, and to look to Powell for the rent to become due under the lease from April 1, 1882, for the remainder of the term created by the lease to defendant, and to release the defendant from further liability under the lease. The defendant, under the agreements between himself and Powell, and between defendant and plaintiff, surrendered the possession of the demised premises to Powell on the 1st day of April, 1882, and since that time defendant has had nothing to do with the premises, and has not paid any rent therefor. Plaintiff collected from Powell the rent of the premises in question from April 1 to July 1, 1882, except the fifty dollars which was expended in repairs as agreed. The rent for the months of July and August are not paid. On the 1st of September, 1882, Powell sold out his interest in the hotel and lease to Leonard B. Reed, who on that day went into possession, and thereafter paid the rent to plaintiff to the end of the term mentioned in the lease, May 1, 1883. This action was brought to recover the rent for July and August, 1882, for which plaintiff recovered judgment. The referee held that as the agreement to substitute Powell in place of defendant as tenant in the lease, and to release defendant from all liability under the lease, rested in parol, the agreement was void.

*L'Amoreaux & Dake,* for the appellant.

*J. F. Crawford,* for the respondent.

BOCKES, J.:

I am of the opinion that this case should be controlled in its disposition by *Smith* v. *Niver* (2 Barb., 180). The plaintiff consented to the change of tenancy from the defendant to Powell, and received rent from the substituted tenant; indeed the facts, as proved and found by the referee, put the case in a stronger light even, for it is proved and expressly found that the plaintiff agreed to receive Powell as tenant in the place of the defendant, and to look to the former for the rent to accrue after his entry, and to release the defendant from further liability under the lease, and it was under such arrangement that Powell went into possession and became plaintiff's tenant, and under and pursuant to which rent was collected or received by the latter.

Although this arrangement was oral and related to a term exceeding one year, to wit, for one year and one month, it operated, with the acts of the parties under it, to discharge the defendant from a claim for future rent, as was, in fact, expressly agreed. It was, in effect and in fact, a surrender of the remaining term "by act or operation of law." Such surrender was admissible under the statute of frauds (3 R. S. [7th ed.], 2326, § 6), inasmuch as a surrender "by act or operation of law" is expressly excepted from it. This exception left such surrender to remain as at common law. It is important, of course, that it be established, that the lessor gave assent to the termination of the lease as to the original lessee, and accepted the new party as tenant in his place. But such was just this case. In *Smith* v. *Niver*, HARRIS, J., says: "It is undoubtedly conclusively settled by authority that a second lease, to operate as an effectual surrender of the first, must itself be effectual to vest in the lessee the term it professes to convey, and must bind him to a performance of its conditions on his part." The learned judge was here speaking of the precise case stated by him, a case unaccompanied by acts of the parties, which, with the agreement, would carry with them an element of estoppel, for in the next sentence he adds: "But it has never, I apprehend, been decided that a lessor who has consented to a change of tenancy, and permitted a change of occupation, and received rent from the new tenant as an original and not as a sub-tenant, can afterwards charge the original tenant for rent accruing during the

occupation of the new tenant." And, further, " if the lessor, in fact, consent that the lessee shall cease to be liable and accepts a substituted tenant, the first tenant must be held to be discharged. The lessor has his remedy against the new tenant, *and is estopped from denying a legal surrender of the first lease,*" and he repudiates the doctrine to the contrary of this, sought to be maintained on the strength of *Schieffelin* v. *Carpenter* (15 Wend., 400), as to which he says, if this case is to be regarded as an authority, therefor, " I think it is in that respect wholly unsupported, either by principle or adjudged cases." The remarks of the learned judge above quoted are not, as was supposed by the learned referee, to be limited in their application to a case where the substituted tenancy was for a period not exceeding one year, for they were made with reference to a surrender "by act or operation of law," which, as above suggested, is excepted from the statute, and is left to have effect as at common law, hence would, when proved, apply to a longer as to a shorter term alike. In *Beall* v. *White* (94 U. S. R., 389), it is said by Mr. Justice CLIFFORD that " text writers agree that a surrender is the yielding up the estate to the landlord, so that the leasehold interest becomes extinct by mutual agreement between the parties. It is either in express words, by which the lessee manifests his intention of yielding up his interest in the premises, *or by operation of law,* when the parties without express surrender do some act which implies that they have both agreed to consider the surrender as made," citing both Woodfall and Taylor on Landlord and Tenant in support of his remarks. This subject is considered quite elaborately, and with clearness and precision, in Bingham on Real Estate (p. 260), where the distinction between a surrender by *express words* and a surrender by implication, that is, by operation of law, is marked and commented upon. It is there said that " the material point of such an issue is one of evidence, whether the intention of both the lessor and the lessee is proved by words only, and not by written evidence, as prescribed in the statute of frauds, or by their conduct and actions. If it is proved by words only, the agreement is within the statute of frauds, and cannot operate as a surrender. If their intention to surrender is made plain by their conduct and actions, in a way which permits of no mistakes or misrepresentations, by means of

the perjury or the misunderstanding of witnesses, the agreement to surrender is so proved as not to be within the statute of frauds, but amounts to an ' act or operation of law,' as that phrase is used in the statute, and effectuates a surrender," and in support of this doctrine many cases are there cited. (See, also, *Blumenthal* v. *Blooming-dale*, 100 N. Y., 558.) In *Matthews* v. *Sawell* (8 Taunt., 270) it was held that a mere parol surrender of a written lease having more than three years to run was void under the statute of frauds, and consequently the lessee was not discharged therefrom. In this case importance was given to the fact that the plaintiff had not assented to any change of tenancy. DALLAS, J., said : " If the plaintiff had in fact consented that the defendant should cease to be liable, and had gone beyond that and had accepted a substituted tenant, I should have thought the defendant discharged." (See, also, remarks of the other judges to the same effect.) The case supposed by the learned judge, as above given, is quite like the present. It is laid down in 4 Wait's Actions and Defenses, 212, after speaking of express surrenders touched by the statute of frauds, that " a surrender by operation of law is effected by some *less formal act of the parties*, from which a mutual agreement by them to consider the surrender as made may be implied ; *some act* of notoriety which *estops them from denying that it has taken place*;" and it is added: "Thus any agreement between the parties that the term shall be put an end to, *which is unequivocally acted upon by both*, is such surrender;" and, further, "an actual and continued change of possession by the mutual consent of parties is a surrender by operation of law, whether the possession is delivered to the landlord himself or to another for him ;" and, still further, "acceptance of possession by the landlord and his leasing the premises to another, or accepting an under tenant or an assignee as his tenant, followed by an actual possession by the latter, also operates as such a surrender."

Many cases are cited in the text-books, above referred to, both in England and in this country where the above propositions have been adjudicated, to which attention is called without here giving them in detail. (See, also, McAdam on Landlord and Tenant [2d ed.], §§ 207, 208, and cases there cited.) It must be held in mind that we are considering the question as to what would be effectual as a surrender " by act or operation of law," according to the rules of

the common law, inasmuch as a surrender "by act or operation of law" is not within the statute of frauds, but is expressly excepted from it. So, when a surrender "by act or operation of law" is proved according to the common law, it is as effectual as a discharge of the lessee, as if no statute of frauds existed.

I am of the opinion that an agreement entered into and acted upon by all the parties, by the plaintiff, the defendant and Powell, under and pursuant to which the defendant surrendered the possession, and Powell entered as substituted tenant, with the consent of the plaintiff, indeed, under an express agreement with the latter to that effect, coupled with the fact of an acceptance of rent by the latter from the substituted tenant, operated to discharge the defendant from further liability under the lease. If a consideration for the agreement be of any importance in view of the fact that it was acted upon and fully carried out, save as to the payment of the rent for the two months here claimed, that seems well established. As to the plaintiff, he accepted a restoration of the premises, or its equivalent, a substituted tenant, with the liability of the latter for the future use and occupation ; as to the defendant, he surrendered possession with such consequences as resulted therefrom ; and as to Powell, he became the substituted tenant with possession.

If the conclusion above reached be sound, the judgment for the plaintiff is wrong and should be reversed.

LANDON, J. :

I concur. The defendant's term was three years under a sealed lease. He, in effect, agreed with his landlord to shorten the term one year and one month in consideration of his procuring Powell to become tenant for that time, and Powell's agreement to become such tenant on same terms as in the sealed lease. This agreement was performed, except Powell defaulted on two months rent. The parties could make this bargain, but the objection is they did not do it the right way ; they made no writing. This objection might excuse entering upon performance, but it is too late after part performance.

LEARNED, P. J. (dissenting):

On the 21st of January, 1880, the parties executed a lease under seal in duplicate, by which plaintiff leased to defendant for three years, beginning May 1, 1880, and ending April 30, 1883, certain

premises known as the Morgan House, the rent payable monthly. The defendant went into possession May 1, 1880, and continued as tenant till April 1, 1882. In the latter part of March, 1882, defendant bargained with one Powell for the sale of some hotel furniture and of defendant's interest in the lease and premises. And the bargain was completed April 1, 1882. By the terms of the bargain Powell was to take defendant's place as plaintiff's tenant, and was to pay plaintiff the rent covenanted by the lease. Before making the bargain defendant informed plaintiff's agent of Powell's application to purchase. The referee finds upon a conflict of evidence that plaintiff's agent verbally agreed with defendant to look to Powell for the rent to become payable on the lease from April 1, 1882, for the remainder of the term, and to release defendant therefrom. Defendant surrendered possession to Powell April 1, 1882, accordingly, and has had nothing further to do with the lease or the premises. Powell occupied the premises till some time in August, 1882, and then moved out. While in possession he paid to plaintiff the rent for the months of April, May and June, 1882. After Powell moved out the premises were occupied from September, 1882, by one Reed, as tenant of plaintiff, and Reed paid the rent during such tenancy. All the rent has been paid plaintiff except for the months of July and August, 1882. This is in arrears and for that plaintiff sues. The referee reported in plaintiff's favor and defendant appeals.

At the time of the agreement between defendant and Powell and plaintiff there was more than one year of the term outstanding. The term, therefore, could not be assigned or surrendered, except by deed or conveyance in writing, or by act or operation of law. (2 R. S., m. p. 134, § 6; *Smith* v. *Devlin*, 23 N. Y., 363.) A surrender by operation of law is effected when another estate is created by the reversioner, with the assent of the termor, inconsistent with the existing estate or term. (*Coe* v. *Hobby*, 72 N. Y., 141.) But to have that effect the lease, which is claimed to create an estate inconsistent with the existing estate, must be a valid and binding lease. (*Schieffelin* v. *Carpenter*, 15 Wend., 400.)

In the present case there was no written surrender. There was no written surrender by operation of law, because there was no valid estate created inconsistent with the existing estate. The alleged

agreement between plaintiff and Powell was by parol and was for more than a year. (*Wilson* v. *Lester*, 64 Barb., 431.) In *Smith* v. *Niver* (2 Barb., 180) it was not for more than a year.

Further, the referee finds, and the evidence sustains the findings, that defendant agreed to assign his interest in the lease and premises to Powell, and that plaintiff consented. This is not the creation of a new estate, but solely the assignment of the existing estate created by the original lease to defendant. The assignment to Powell, even with plaintiff's consent, did not release defendant. (*House* v. *Burr*, 24 Barb., 525 ; *Damb* v. *Hoffman;* 3 E. D. Smith, 361.) The cases on this subject do not speak of a substituted tenant, they speak of a surrender of the old lease in law by the creation of a new estate inconsistent with the old.

It does not appear how Reed came into possession, nor is his possession or his payment of rent to plaintiff material, except as it may affect rent thereafter accrued. The rent in dispute accrued prior to his possession. The defendant urges that as there was a parol agreement to release defendant, on the faith of which defendant gave possession and assigned the lease to Powell, the agreement is valid notwithstanding the statute. The doctrine which defendant relies upon is recognized in 2 Revised Statutes (m. p. 135, § 10), which preserves the power of courts of equity to enforce specific performance in case of part performance. The cases cited by defendant are cases under that familiar doctrine. But the present is not such a case. The plaintiff has received nothing on the verbal contract to release which would make it unjust to refuse performance. The defendant has parted with nothing. On the contrary he has been benefited, because so far as Powell has paid defendant has been discharged. Indeed, it seems doubtful whether there was any consideration for the plaintiff's promise to release.

The judgment should be affirmed, with costs.

Judgment reversed, new trial granted, costs to abide the event. Referee discharged.