### FLECK v. FELDMAN.

(Supreme Court, Appellate Term. May 16, 1907.)

1. GUARANTY—REMEDIES OF CREDITORS—ADMISSIBILITY OF EVIDENCE.

In an action by a landlord to recover rent from the tenant's guarantor, it was error to reject evidence that the tenant had assigned his interest in the lease with the consent of the landlord, but without the knowledge of the guarantor, since, if there was a substitution of another tenant, under circumstances which amounted to relieving the former tenant of his obligations under the lease, without the knowledge of the guarantor, the latter was discharged from liability.

2. SAME—CONCLUSIVENESS OF JUDGMENT AGAINST PRINCIPAL.

A judgment for rent, obtained by a landlord against a tenant who had prior thereto assigned his interest in the lease, is not res adjudicata on the question of the tenant's continued liability, in an action by the landlord against the tenant's guarantor on his guaranty.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Fleck, Sr., against Joseph Feldman. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Joseph Wilkenfeld, for appellant.
Goldfogle, Cohn & Lind, for respondent.

GILDERSLEEVE, P. J. In July, 1904, defendant made and executed the following guaranty, viz.:

"I, Joseph Feldman, in consideration of the sum of one dollar, to me in hand paid by Frank Hillman and Joseph Golding, and in further consideration of their accepting Edward Gross as tenant in the within lease, hereby guaranty to Messrs. Hillman & Golding the payment of rent for a period of three months. In case of nonpayment of rent by the said Edward Gross unto the said Frank Hillman and Joseph Golding, their heirs and assigns, and without any notice by them of the nonpayment of rent, I will pay said three months' rent, without any defenses, offsets, or counterclaim, upon proof that the said Edward Gross defaulted in the payment of rent.

"Dated New York, July 14, 1904.        Joseph Feldman. [L. S.]"

The said lease from Hillman & Golding to said Gross was for a term of five years, beginning October 1, 1905, and ending October 1, 1909, at an annual rental of $1,500 for the first year and $1,800 for each successive year. It bore date July 14, 1904, the same day upon which the guaranty was made. Subsequently Hillman & Golding conveyed the premises, and assigned their interest in said lease, to plaintiff. Part of the rent for the month of October and the month of November, 1905, was not paid, nor was any of the rent paid for December, 1905, and January, 1906. The plaintiff obtained a judg-

ment against said Gross for this unpaid rent, and issued execution upon the same, which was returned unsatisfied, and no part of said judgment has been paid. The plaintiff in the case at bar seeks to recover against defendant upon the above-quoted guaranty. The justice gave judgment for plaintiff. Defendant appeals.

The defendant, on the trial, offered to show that said Gross had assigned his interest in the lease, with the consent of the plaintiff's assignors, to another party, without the knowledge or consent of defendant, which proffered testimony was excluded by the justice, who said that he would exclude all testimony concerning an assignment of the lease made by Gross, which assignment it is claimed was made prior to the time when the plaintiff's cause of action against this defendant accrued. If there was a substitution of another tenant in place of Gross, under circumstances which amounted to relieving the latter from his obligations under the lease in question, it produced a material alteration in the relations between the parties, and operated, in the absence of any knowledge or consent of the defendant, to discharge the latter from liability upon his guarantee. Smith v. Niver, 2 Barb. 180. If, on the other hand, plaintiff's assignors, in consenting to the assignment of his interest in the lease by Gross, expressly refrained from relieving Gross from his obligation to pay the rent, in case of default by Gross' assignee, defendant would still be liable upon Gross' failure to make good the default of his assignee. In the suit brought by plaintiff against Gross, in which judgment was obtained by plaintiff, as above stated, the answer of said Gross set up this assignment of lease as a defense to plaintiff's claim for rent, so that it was, apparently, held in that action that, as a matter of fact, plaintiff's assignors had not released Gross from his obligations under the lease by their consent to his assignment of his interest in said lease.

The learned court below presumably regarded this judgment as making the issue of the continued liability of Gross res adjudicata, and therefore excluded the evidence offered by defendant in support of his claim that he was discharged from liability by reason of the assignment of the lease by Gross without defendant's knowledge and consent. The defendant, however, was not a party to that action, and a surety, in the absence of any agreement, is not at common law affected by the result of a suit against the tenant for rent, nor is a judgment recovered by the creditor against the principal conclusive against the surety, and the rights of sureties are the same after as well as before the judgment. McAdam's Land. & Ten. volume 2 (3d Ed.) pp. 882, 883, and cases there cited. The justice below should have allowed defendant to have the benefit of the testimony offered, which could have been rebutted by the plaintiff showing that there was no release of Gross from his obligations under the lease, if such were the fact.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.