MARGARET IRWIN *v.* GEORGE W. LAWRENCE and JAMES MUIR.

Where a judgment is reversed, upon appeal, at the general term of the Marine
Court, for errors occurring upon the trial before a single judge, or for insufficiency
of proof, a new trial should be awarded.

It is only in cases where the facts involved in the action are ascertained at the trial,
either by special verdict or in some other proper mode, that a final judgment may
be given, at the general term, in favor of the party appearing to be entitled
thereto, and adverse to the judgment appealed from.

APPEAL by the plaintiff from a judgment of the general term of
the Marine Court, reversing a judgment in her favor given upon
a trial before a single judge of that court.

The general term reversed the judgment without further direc-
tions in respect to any future proceedings in the action.

The return did not show that the facts involved in the action
were specially found or ascertained in any way, and besides it
appeared presumptively that the reversal was based upon errors
of the judge in the admission of evidence at the trial.

*Warren G. Brown,* for the appellant.

*William McDermot,* for the respondents.

BRADY, J.—The plaintiff recovered a judgment at the special
term of the Marine Court, from which the defendants appealed to
the general term of that court.    The general term reversed " the
judgment, with costs."    It should have ordered a new trial.
*Astor* v. *L'Amoreux,* 4 Selden, 107.    It is said in a later case
(*Marquat* v. *Marquat,* 2 Kernan, 340), that where the facts are
ascertained upon the trial, either by special verdict or any other
form of finding allowed by law, the general question, which
party is entitled to judgment? arises upon appeal; and in such
cases a judgment disposing of the whole cause may be given at
a general term, notwithstanding such judgment be adverse to
that of the special term.    But when the case is brought for re-

view to the general term, upon an allegation of error in the trial—in the process of ascertaining the facts—the only judgment which can be properly given for the appellant is one ordering a new trial.

Several objections were taken on the trial of this case at the special term, and the argument submitted by the respondents shows that the appeal was predicated upon an allegation of error at the trial. No special finding appears to have been made, and the judgment of the general term may have been founded upon the insufficiency of proof on the trial. If such was the fact, a new trial should have been ordered. Reversing the judgment, with costs, might, in some cases, be regarded as giving judgment for the defendant, which the general term, as we have seen, should not have done.

Judgment of the Marine Court reversed, and a new trial ordered.