PAGE *vs.* ELLSWORTH and MINER.

It is well settled that rulings on a trial which ought not to, or can not, work an injury to the party excepting, should be disregarded on appeal, even if erroneous.

A lessor who has consented to a change of tenancy, and has permitted a change of occupation, and received rent from the new tenants, can not afterwards charge the original tenants for rent accrued during the occupation of the new tenants.

P. on the 20th of April, 1858, leased a store to E. & M. for two years, at a rent of $250 a year. It was agreed that P. should trade at the store, and that his account there should apply on the rent. E. & M. entered, and occupied under the lease during the entire term, and until the last of May, 1860, when M. sold out his interest in the firm of E. & M. to O. who took his place in the firm. E. & O. continued the business as partners, and occupied the premises, but without any new lease, until February 5, 1861, when O. sold out to E. who thereafter conducted the business alone, and occupied the premises, until April 20, 1862. The above business changes were known to the lessor, at the times when they occurred, and he made no objection. He traded at the store continuously, with the firms of E. & M. and E. & O. and, after their dissolution, with E. He frequently inspected

Page *v.* Ellsworth.

. the books of those parties, and knew of the fact that the rent was credited
to him against the account. And when the accounts were rendered to
him in detail he made no objection to them, except to a few small items;
those accounts exceeding the rent for three years; *Held* that P. could not
maintain an action against E. & M. to recover the rent during that period.
*Held*, also, that no action would lie against E. & M. to recover the rent for
the fourth year; E. being in the sole occupation of the premises during
that period, with the lessor's knowledge and approval.

THIS action was brought to recover for four years' rent of
a store situate in Canton, St. Lawrence county, leased by
the plaintiff to the defendants; and for goods sold and deliv-
ered to, and work and labor done by the plaintiff for the
defendants. Ellsworth alone answered: 1st. Denying the
complaint. 2d. Alleging payment of the plaintiff, by goods
sold and delivered by the defendants to the plaintiff, and by
goods sold and delivered to the plaintiff, by Ellsworth &
Oakley, and by Ellsworth alone. 3d. Counter-claim, of
goods sold and delivered to the plaintiff by the defendants,
and by Ellsworth & Oakley, and by Ellsworth alone, alleging
the insolvency of the plaintiff, invoking the equitable powers
of the court to cause the claims existing in favor of Ells-
worth & Oakley, and in Ellsworth's favor alone, to be set off
against the plaintiff's claims against the defendants. The
plaintiff replied, denying the counter-claim, and his alleged
insolvency; and alleging as new matter, a claim in his own
favor against Ellsworth individually, consisting of Ellsworth's
note, then held by the plaintiff. The case was referred to a
referee, to hear, try and determine; who, after hearing the
proofs in the case, reported against the plaintiff, directing
judgment to be entered in favor of the defendant Ellsworth
for costs. The plaintiff duly excepted to the report of the
referee, and to his conclusions of law therein. Judgment was
entered in favor of the defendant Ellsworth, upon the referee's
report, for $206.74 costs; from which judgment the plaintiff
appealed to the general term. The alleged grounds of error
consisted in exceptions to the referee's report, and to the rul-

ings of the referee on the trial, in the reception and exclusion of evidence.

*Sawyer & Russell,* for the appellant..

*Wm. C. Brown,* for the respondent.

*By the Court,* BOCKES, J.   This is an appeal from a judgment entered upon the report of a referee.

The action was brought to recover from the defendants for four years' rent of a store, at the yearly rent of $250, commencing April 20, 1858, and also for an account for goods sold to, and work done for, the defendants.   The leading facts of the case as proved and found by the referee are these:   On the 20th of April, 1858, the parties entered into a written lease, whereby the plaintiff let to the defendants, as partners, the store and premises, for the term of two years from that date, at the yearly rent of $250, payable annually,  · which rent the defendants therein agreed to pay.   The defendants entered and occupied under the lease during the entire term, and until the last of May, 1860, when Miner sold out his interest in the firm to Henry D. Oakley, who took his place in the firm.   Ellsworth & Oakley then carried on the business as partners, and occupied the premises, but without any new lease, until February 5, 1861, when Oakley sold out to Ellsworth, who thereafter conducted the business alone, and occupied the premises until April 20, 1862, when he surrendered the premises to the plaintiff.   The business changes above stated were known to the plaintiff at the times they occurred, and he made no objection to the occupation by the parties in pursuance of those changes.

At the time the lease was made it was contemplated and understood that the plaintiff would trade at the store, and that his account there should apply on the rent, and he did so trade at the store continuously, with the firms of Ellsworth & Miner, and Ellsworth & Oakley, and after their

dissolution, with Ellsworth.  The plaintiff frequently inspected the books of these parties during the time his accounts with them were running, and knew of the fact that the rent was credited to him against the account.  He established a claim against the defendants on the trial, besides the claim for the rent, of $97.18 in the aggregate.  The accounts of the two firms of Ellsworth & Miner and Ellsworth & Oakley against the plaintiff exceeded the rent for three years, and also the additional claim of $97.18, by the sum of $34.80.

It is questionable whether the rent for the third year can be charged against the defendants—whether there was not an acceptance by the plaintiff of Ellsworth & Oakley as tenants for that year ; but even if there be allowed to the plaintiff against the defendants, three years' rent, $750, and the additional claim of $97.18, in all $847.18, and to the defendants the accounts on book against the plaintiff which accrued to the firms of Ellsworth & Miner and Ellsworth & Oakley, and there will be a balance against the plaintiff of $34.80.

As I read the case there can be no ground for raising a question in regard to these facts.  They stand proved by undisputed evidence—evidence to which no solid objection was or can be made.  Strike out of the case all evidence even of doubtful propriety, including the entire deposition of the witness examined on commission, and the facts above stated are well proved, in substance and effect.  The plaintiff knew of the business changes made by Ellsworth, Miner and Oakley at the time they occurred.  He had access to, and frequently inspected their books while his account was accruing ; indeed, made entries thereon against himself.  He knew of their intention to have the accounts on the books applied on the rent, for he saw an entry thereon to that effect, to say nothing of the original understanding, and made no objection.  The accounts were rendered to him in detail, and to these he made no objection, except to a few small items, and on his examination before the referee he does not deny the general correctness of the accounts.  Indeed if the items in the

accounts objected to by him when or soon after they were rendered, be disallowed, there would still be a balance sufficient fully to pay and satisfy the rent for three years, together with the additional claim of $97.18. In this view of the case it becomes unnecessary to examine the rulings of the referee in regard to the admission and rejection of evidence; inasmuch as such rulings could not have worked any harm to the plaintiff's case. It will be shown, presently, that the plaintiff made no case against the defendants for the rent for the fourth year. It is well settled that rulings on a trial which ought not or can not work an injury to the party excepting, should be disregarded on appeal, even if erroneous. In *Huntington* v. *Conkey*, (33 *Barb.* 218, 228,) the court say, that if it can be seen that no injury is done by the error, the court of review is not bound, and ought not to grant a new trial or reverse a judgment for such error. In *Forest* v. *Forest*, (25 *N. Y. Rep.* 501, 510,) Judge Wright remarks that courts of law now undertake to judge for themselves of the materiality of evidence found to have been improperly admitted or rejected; and when satisfied that no injustice has been done, and that the verdict is right, they have refused a new trial. The following cases are to the same purport. 20 *N. Y. Rep.* 244, *p.* 246; 3 *Bosw.* 505; 37 *Barb.* 292, *p.* 300; 10 *id.* 447, 453; 4 *id.* 325; 3 *id.* 548; 12 *Wend.* 41. We are not to be understood as intimating that the referee ruled erroneously in the rejection or admission of evidence. What we mean to say is, that inasmuch as the unexceptionable evidence shows a case conclusively against the plaintiff's right of recovery, it is not necessary to examine and pass upon the exceptions taken and now urged as grounds for reversing the judgment.

As regards the fourth year's rent, the plaintiff failed to show a right of action against the defendants.

The fourth year commenced on the 20th of April, 1861, at which time Ellsworth alone was in possession of the store, having purchased the interest of Oakley on the preceding 5th

of February. Ellsworth had the sole occupation during the entire year ending April 20, 1862, with the plaintiff's knowledge and approval. His occupation was not a holding over by the defendants, for Miner went out of the firm and out of possession, in May, 1860, with the plaintiff's knowledge and at least tacit consent. He knew that Miner had nothing to do with the store, after May, 1860, and made no objection to the occupation by Ellsworth & Oakley; indeed, accepted them as his tenants; and also knew that Ellsworth's occupation was by himself alone at the beginning and during the entire fourth year, and made no objection or suggestion in regard to such occupation. He must therefore be deemed in law to have accepted Ellsworth alone as his tenant for the fourth year, and must take his remedy against him alone. (*James* v. *Pope*, 19 *N. Y. Rep.* 324. *Smith* v. *Niver*, 2 *Barb.* 180. *Matthews* v. *Sawell*, 8 *Taunt.* 270.) These authorities are conclusive on this point.

The judgment should be affirmed, with costs.

