## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, *v.* JOHN. BURNS, APPELLANT.

*Evidence — when the declaration of a third person is admissible as against one accused of a crime — witness — his credibility may be impeached by proof of conviction of any crime — Penal Code, sec. 714.*

Upon the trial of the defendant upon an indictment for burglary the officer who arrested him testified that on calling at the house of the defendant's mother he was informed by her that the defendant was in the house; that she then went back into the kitchen and upon returning said that the defendant had gone out by the back door; that the officer thereupon entered the house despite the resistance of the mother and found the defendant concealed behind a door about six feet from where the conversation occurred.

*Held,* that the evidence was properly admitted:

(1.) Because the facts justified the inference that the answer was made by the defendant's direction.

(2.) That if the defendant did not wish to be bound by the answer which was made within his hearing he should have spoken.

(3.) That the facts justified the inference that the mother and son were acting with a common purpose and design to enable the defendant to escape, and that the declarations of the mother were therefore admissible.

One of the witnesses for the defendant testified on his cross-examination that he had been three times convicted of drunkenness and disorderly conduct.

*Held,* no error.

Section 714 of the Penal Code was intended to establish a uniform rule and permit the conviction of a witness for any crime to be proved, and allow the effect of such conviction, upon his credibility, to be passed upon by the jury.

APPEAL by the defendant from a judgment of the Court of Sessions of Jefferson county, convicting him of the crime of burglary in the third degree.

*Hannibal Smith,* attorney for the appellant.

*E. C. Emerson,* district attorney, for the respondents.

FOLLETT, J. :

The defendant was convicted before the Court of Sessions of Jefferson county, of burglary in the third degree. The defendant appeals from the judgment, and asks for a reversal and a new trial

upon the ground that errors were committed in the reception and rejection of evidence, and in the charge to the jury.

About six A. M., December 9, 1883 (Sunday), the defendant was found by a police officer in a grist mill. In the office of the mill were a safe and a money drawer, which some one had attempted by violence to open. These facts were not denied on the trial. Defendant testified that he entered the mill, but how, when, or for what purpose, he said he was unable to explain, by reason of intoxication on the occasion in question.

The defendant was arrested at his mother's house about an hour after he was discovered in the mill. The officer making the arrest testified that he was met by the defendant's mother at the outside door of the hall, who, upon inquiry, said defendant was within.

The mother went back into the kitchen (apparently to call her son) and upon returning said: " He (defendant) has gone out of the back door. " Upon receiving this answer, the officer started to enter the kitchen, the mother trying to stop him, and on reaching the kitchen, found defendant concealed behind a door about six feet from where the conversation occurred between the officer and the mother. The remark above quoted was objected to by the defendant, upon the ground that the declaration of the witness was not made in the defendant's presence, and was incompetent.

The evidence was admissible because . (1.) The facts justified the inference that the answer was by defendant's direction. At first, the mother told the officer the truth, but after returning from the room where the son was found, told a falsehood in defendant's interest, and with the evident intent of enabling the defendant to escape.

(2.) The facts justified the inference that the defendant, who was concealed behind an open door but six feet from the mother, was within hearing, and, unless he wished to be bound by her remark, should have spoken.

(3.) The falsehood of the mother, told under the circumstances described, and her attempt to prevent the officer from entering the room where the defendant was concealed, justified the inference that they were acting with a common purpose and design to enable defendant to escape, and the acts and declarations of the mother, were, for this reason, admissible against the defendant. (*Kelley v. People,* 55 N. Y., 565.)

One of the defendant's witnesses testified, on cross-examination, that he had been three times convicted for being drunk and disorderly (misdemeanors). The defendant objected to this evidence on the ground that it was immaterial. It was immaterial to the issue, but was admissible as affecting the credibility of the witness. (Code Civil Pro., § 832; Penal Code, § 714.)

The defendant insists that the sections cited simply changed the mode of proving the fact of conviction, but did not affect the common law rule of the competency of the particular conviction offered to be proved, and that unless the conviction is for an infamous offense, or for an offense which directly affects moral character, proof of the conviction is incompetent for the purpose of affecting credibility.

Before the adoption of these sections, the rule as to the class of convictions which might be proved to affect credibility was not uniform, and depended mainly upon the opinion of the court as to whether the particular conviction was for an infamous or immoral offense.

In *Carpenter* v. *Nixon* (5 Hill, 260); *Lake* v. *People* (1 Parker, 495; affirmed, 12 N. Y., 358); *People* v. *Satterlee* (5 Hun, 157), it was held that the fact that a witness had been convicted of petit larceny (a misdemeanor) was competent as affecting credibility, while in *Greaton* v. *Smith* (1 Daly 380), it was held incompetent to prove that the witness had been convicted of intoxication (a misdemeanor) for such purpose.

In *People* v. *Noelke* (94 N. Y., 137) the defendant was sworn in his own behalf, and was asked on cross-examination if he had been convicted in a Federal court of mailing lottery circulars (a misdemeanor under the statutes of the United States). The question was objected to, but the witness was required to answer, and answered in the affirmative. This was held competent under the sections above cited. This decision is decisive of this question.

The design and the effect of the sections are to establish a uniform rule and permit the conviction for any crime to be proved, and whether it should affect the credibility of the witness is a question for the jury. Such is the rule in England, " a witness may be questioned as to whether he has been convicted of any felony or misdemeanor." (Taylor's Ev. [6th ed.], p. 1244, § 1294.) Any other

rule would be difficult of application, and dependent upon the view of the trial judge, as to whether the particular conviction should or might affect credibility.

In the opinion of this court, three convictions for drunkenness and disorderly conduct tend to affect the credibility and moral character of the witness; but the extent to which they should affect it is dependent upon the circumstances of the offense. In some cases the conviction of a particular misdemeanor might not and should not impair the credibility of a witness, while a conviction of the same statutory misdemeanor under other circumstances should and would affect his credibility.

A witness employed in the mill, who carried the key to a particular outside door, and whose duty it was each evening to close and lock it, testified that he did not remember doing so on the evening before the burglary, but that it was his custom to do so every night. The defendant objected to proving the custom of the witness, but stated no ground, except as it may be inferred, that it was on the ground that the custom was incompetent. Without stopping to consider the sufficiency of the objection, or whether the evidence was not competent within the rule, that presumably a person performs a particular act which he has long and regularly performed at a stated time at short intervals, as a duty and in the regular course of his daily vocation (*Skilbeck* v. *Garbett*, 7 Q. B. [N. S.], 846; *Dana* v. *Kemble*, 19 Pick., 112; *People* v. *Bush*, 3 Parker, 552), it is sufficient to say, on this question, that McDonald and Graves testified they together closed and left the mill at nine P. M. before the burglary, and McDonald swears he observed that this particular door was locked, and Graves testified that his attention was called to the fact that McDonald examined the doors.

The defendant, though sworn in his own behalf, did not testify that he entered through an open door, and no evidence of any kind was given or offered tending to show that such might have been the fact. "The rule undoubtedly is, that when a fact is conclusively proved by competent evidence, so that the court can see that no prejudice or injury could possibly have resulted from the admission of incompetent evidence to prove the same fact, its admission will not be cause for interfering with the result or reversing a judgment; but the rule is to be cautiously applied,

especially in criminal cases." (*Coleman* v. *People*, 58 N. Y., 555, 561.) Erroneous rulings on a trial by jury in civil or criminal cases should be disregarded on appeal, if it clearly appears that the appellant was not injured thereby. (*Shorter* v. *People*, 2 N. Y., 193 · *Patterson* v. *The People*, 46 Barb., 625, 627; *Paje* v. *Ellsworth*, 44 id., 636.) Such was the rule before the Code of Criminal Procedure, which provides that on appeal the court must give judgment without regard to technical errors, defects or exceptions, which do not affect the substantial rights of the appellant (sec. 542), and the rules of evidence are the same in civil and criminal cases, except as otherwise provided by the Code of Criminal Procedure. (Sec. 392.)

No error was committed in the direction to the jury as to the effect which should be given to the defendant's evidence that he was intoxicated upon the occasion in question. The evidence bearing upon this question was recited by the court, and the jury plainly charged in this connection that they must be satisfied beyond a reasonable doubt that the defendant intended to commit a crime. This, in effect, was three times charged (fols. 204, 208, 218), and at 218 the court said : "You may take into consideration the intoxication of this defendant in determining the intent with which the defendant entered the building in question." It was unnecessary to again repeat the instructions and employ the language of counsel. No errors were committed in refusing to instruct the jury as to the rules applicable to cases resting on circumstantial evidence. This was not such a case. The mill was entered by violence. The money drawer and the lock of the safe had been tampered with. The defendant was found in the mill and was unable to give a satisfactory explanation of his presence there. These facts were testified to by eye-witnesses.

The judgment must be affirmed, the stay vacated, and sheriff directed to carry into effect the judgment of the Court of Sessions.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment of the Jefferson County Court of Sessions affirmed and stay of proceedings vacated, and sentence ordered executed.