HENRY C. BALLOU, as Executor, etc., Respondent, *v.*
THOMAS W. BAXTER, *et al.*, Appellants.

*Supreme Court, Fourth Department, General Term, December 7, 1889.*

1. *Lease.  Surrender.*—Neither acceptance of rent from, nor occupation
   of, a party other than original tenant, creates a surrender.  To effect a
   surrender, it must be shown that the parties to the lease had, in some
   manner, mutually agreed upon a surrender.
2. *Same.*—Until a surrender, the lessee remains liable.

Appeal from judgment entered upon the decision of the
court upon trial before the court without a jury at Oneida
circuit, March, 1889.

The action is upon a lease for rent; the defense is sur-
render by operation of law.

On the 1st of January, 1884, Theodore P. Ballou, plaint-
iff's testator, and the defendants executed under their hands
and seals a lease by which Ballou rented to the defendants
for the term of six and one-third years from January 1, 1884,
certain premises in Utica called a wood shop and store, at
the yearly rent of $660, payable quarterly.

The defendants entered into possession and remained to
November 1, 1884.  At that date, having become insolvent,
they sub-leased to one Hubley for the term of six months,
for the rent of $250, payable one-half February 1, 1885, and
the other half May 1, 1885.  In the lease to Hubley the
defendants reserved to themselves certain privileges in con-
nection with the use of the store.  Hubley, or his firm,
Hubley & Baxter, went into possession, and have so con-
tinued down to the time of the trial.  On the 30th of
January, 1885, Ballou notified Hubley & Baxter that there
was due him for rent of the premises under the lease to
defendants, one-quarter, being $165, due November 1, 1884,

and one-quarter due February 1, 1885, and that they should pay him any rent they owed for the premises, and forbade their paying to any one else. They thereupon paid to Ballou the rent on the under lease, his receipt given to them on the last quarter reading as follows:

" $125. Utica, May 2, 1885. Received from Hubley & .Baxter their note for $125 and interest at three months, for rent to May 1, for the Meadow street building, 3 and 5.

" T. P. BALLOU."

At the expiration of the under lease May 1, 1885, Hubley & Baxter saw Ballou and talked with him on the subject of their continuing in possession. The conversation itself is not shown. They remained in possession, paid Ballou $125 quarterly, he going to the premises for it and receipting it to the firm. The receipt given August 1, 1885, reads: " Received from Hubley & Baxter $125 for one quarter's rent, Meadow street.

" T. P. BALLOU."

The defendants knew that Hubley & Baxter were occupying after May 1, 1885, and were paying rent to Ballou and made no objection. Ballou testified in a deposition taken before trial that after May 1, 1885, Hubley & Baxter would not pay a larger rent than under the under lease. Hubley testifies generally that Hubley & Baxter never had any lease from Ballou.

In June, 1885, Ballou brought an action in the supreme court against these defendants for the balance of the rent under the lease to May 1, 1885, after crediting the $125 for two quarters received from Hubley & Baxter, and recovered judgment therefor in February, 1886.

The present action is for the rent due under the lease August 1 and November 1, 1885, and February 1, May 1, and November 1, 1886, less the $125 per quarter paid by

Hubley & Baxter, the difference being forty dollars per ·quarter. After the commencement of this action T. P. Ballou died, and the plaintiff was substituted in his stead.

*C. D. Adams*, for appellants.

*E. J. Richardson*, for respondent.

MERWIN, J.—The claim of the defendants is that from and after May 1, 1885, the lease and term were surrendered by operation of law and the defendants thereby discharged from all liability for rent. There was no express surrender; there was no agreement between the defendants and Ballou on the subject. The defendants sub-leased to Hubley, such lease expiring May 1, 1885. This action is for rent accruing after that date over and above what Ballou received from Hubley & Baxter. The latter remained in possession without objection from defendants, but no arrangement between them and defendants or between them and Ballou, is shown. They stayed there, and paid to Ballou $125 a quarter, being at the same rate they paid prior to May 1, 1885. The main circumstance to support the position of the defendants is the receipt by Ballou of the rent from Hubley & Baxter.

In Talbot *v.* Whipple, 14 Allen, 180, it is said that any acts which are equivalent to an agreement on the part of .a tenant to abandon, and on the part of the landlord to resume, possession of demised premises amount to a surrender of a term by operation of law. There must be some act which implies that both parties have agreed to consider the surrender as made. Beall *v.* White, 94 U. S. 389. A surrender is implied when another estate is created by the reversioner or remainderman, with the assent of the termor incompatible with the existing estate, or term. ·Coe *v.* Hobby, 72 N. Y. 145; Smith *v.* Kerr, 108 Id. 36. It will not be implied against the intent of the parties

as manifested by their acts. In Smith v. Niver, 2 Barb. 180, it is said by Judge HARRIS that a lessor, who has consented to a change of tenancy and has permitted a charge of occupation and received rent from the new tenant as an original and not as a sub-tenant, cannot afterwards charge the original tenant for rent accruing during the occupation of the new tenant. A similar rule was applied in Page v. Ellsworth, 44 Barb. 636, as applicable to a party holding over after the expiration of the term. Upon this subject Judge MULLIN, in Bedford v. Terhune, 30 N. Y. 463, after referring to several cases, says: "It will be seen that in all of the cases a mutual agreement between the lessor and the original lessee that the lease terminates, must be shown. It is not necessary that the agreement should be express; it may be inferred from the conduct of the parties. The occupancy by some other than the lessee is, of course, a circumstance to show a surrender; but as the new occupant may enter as tenant of the lessee, or as his assignee, or even as a trespasser, and thus his occupancy be consistent with the continuance of the first lease, it is absolutely essential that it should be clearly proved that the original lessee assented to the termination of his term; it must be proved that the lessor and lessee mutually agreed to a surrender of the term, and that proved, the original tenant is no longer liable ; but the new tenant, if there is one, is liable." In Wilson v. Lester, 64 Barb. 431, it was held that the mere receipt of rent from the assignee of the lease will not have the effect to discharge the original lessee when there is no proof of the surrender of the premises and an acceptance of the assignee as tenant. So in Laughran v. Smith, 75 N. Y. 206, it was held that the fact that the plaintiff, with knowledge that defendant had ceased to occupy, collected and accepted, from the occupants, rent accruing after defendant left did not discharge defendant from liability and did not establish a surrender or a new letting. In Winant v. Hines, 6 N. Y. State Rep. 261, where the tenant left before the expiration

of the term and the landlord relet for the rest of the term at a reduced rent, it was held that the landlord could recover of the original tenant the balance of the rent under the original lease, after crediting what he received from the new tenant.

In the present case, the original lease has not yet expired. For aught that appears, the defendants can resume possession for the balance of the term at any time subject to such rights as Hubley & Baxter may have as tenants holding over. In the lease to them, the defendants reserved certain privileges. For aught that appears, they continued to have those privileges during the subsequent occupancy of Hubley & Baxter, and during the time covered by the rent here sued for. No contract is shown between Ballou and Hubley & Baxter, so that the only obligation held by Ballou is the one against the defendants. Did the receipt by Ballou, after the termination of the under lease, of rent at the same rate he had before received from the same parties, indicate an intention to release defendants and accept the under tenants as his? It did not have that effect before, as adjudicated in the action brought for the balance of the rent prior to May 1, 1885. There is nothing to show a different intention afterwards. The presumption is that it was received on the same basis. The form of the receipt is substantially the same. It was not received as upon an original tenancy, for there was no promise by Hubley & Baxter to pay Ballou, and there was, therefore, no acceptance by Ballou of Hubley & Baxter in place of defendants. Without objection from defendants, and to their knowledge, Ballou received and receipted for such sums as Hubley & Baxter were willing to pay, and which presumptively represented the rent due from Hubley & Baxter as holding over on the under lease. This was not inconsistent with Ballou retaining his claim on defendants for the balance.

We think the defense of surrender by operation of law was not made out, and plaintiff properly recovered.

Judgment affirmed, with costs.

HARDIN, P. J., and MARTIN, J. concur.

NOTE ON "IMPLIED SURRENDER OF DEMISED PREMISES."

A surrender by operation of law may be derived from the acts of the parties, or be effected by words manifesting the intention of the lessee to yield up the estate, or by acts of the parties which imply that both agree to consider the surrender as made. Cooper *v.* Fretnoransky, 42 N. Y. St. Rep. 472; Beall *v.* White, 94 U. S. 382. So a surrender is implied and effected by operation of law when another estate is created by the revisioner, with the assent of the tenant, incompatible with the existing estate, or term, as by the taking of a new lease by the lessee. Cooper *v.* Fretnoransky, *ante ;* Coe *v.* Hobby, 72 N. Y. 141; Abell *v.* Williams, 3 Daly, 17. But the new lease, to be effectual as a surrender, must be valid. Id.

An agent must be specially authorized in writing to surrender a lease for a term of years. Ramsay *v.* Wilkie, 36 N. Y. St. Rep. 864.

A surrender by operation of law takes place where the parties to the lease do acts so inconsistent with the subsisting relations of landlord and tenant as to leave no doubt that the parties intended to terminate the tenancy. Hurley *v.* Sehring, 62 Hun, 621. But those acts must speak for themselves.

An accepted surrender may terminate any lease. Kelly *v.* Noxon, 46 N. Y. St. Rep. 87. The only question arising is as to whether there has been such acceptance and surrender. Id. In order that a party may be released upon the claim of a surrender of a term within the statute of frauds, the evidence must be strong and unequivocal, showing an accepted surrender; otherwise, the provisions of the statute are defeated. Id.

In the case above cited, the defendants desired to be released from a lease, and plaintiff's agent told one of them that there was a party who would take the premises if they would deliver them up immediately. To this the defendants replied, "All right, of course it is a short notice, but we will see what we can do." Two days later the defendants moved out and delivered the keys to the clerk of the agent. Nothing had been said to the latter in the meantime. It was held that this was not sufficient to establish an accepted surrender.

An option to surrender must be availed of during the stipulated time. Reich *v.* McCrea, 59 Hun, 625.

In an action for rent after tenant had abandoned premises, the fact that keys, once refused by landlord, were subsequently put on his desk in his absence is strong proof of a refusal to accept the surrender. Underhill *v.* Collins, 57 Hun, 590.

Where a lease contains a clause that, if the premises or any part thereof shall become vacant during the term, the party of the first part might re-enter the same, and relet the premises as the agent of the party of the second part and receive the rent thereof, applying the same first to the payment of such expenses as she might be put to in renting the same, and then

to the payment of the rent due upon the lease, the mere acceptance of the keys and possession of the premises will not be sufficient to raise a presumption of surrender. Hurley v. Sehring, 62 Hun, 621. But it is, in such case, for the jury to determine upon all the facts of the case whether the acceptance of the keys and the subsequent acts done by the plaintiff were in furtherance of the surrender of the premises and an acceptance or not of the same. Id.

An attempt to relet, after a refusal to accept the keys, is no acceptance of a surrender. Spies v. Voss, 16 Daly, 171.

The jury may find that a landlord, who takes the key and treats the premises as his own, intends to discharge the lessee. Tallman v. Earle, 37 N. Y. St. Rep. 271.

The receipt of payment from, or occupation of, a new tenant, does not create a surrender. Ballou v. Baxter, 54 Hun, 638.

Until a surrender, the lessee remains liable. Id.

In this case, the facts were held not to establish a valid acceptance of the new lease so as to effect a surrender, by operation of law, of the old lease. Chamberlain v. Dunlop, 126 N. Y. 26; affirming 54 Hun, 639.

The execution of a new lease during the period of an existing one will effect a surrender of the lease. Hurley v. Sehring, 62 Hun, 621.

The acceptance by the lessee of a new lease executed by the agent, whom he supposes represents all of the owners of the property, will not operate as a surrender of the existing term, where such agent in fact has no authority to act for two of the owners of undivided interests. Chamberlain v. Dunlop, 126 N. Y. 45; Coe v. Hobby, 72 Id. 146; Sheffelin v. Carpenter, 15 Wend. 405; Whitney v. Myers, 1 Duer, 271.

What does not constitute a surrender and acceptance. Sully v. Schmitt, 31 N. Y. St. Rep. 443.

There can be a surrender of a lease without writing, though it has more than one year to run. Kelly v. Noxon, 46 N. Y. St. Rep. 87; Hurley v. Sehring, 43 Id. 240.

The demised premises cannot be surrendered, to take place *in futuro*. Hurley v. Sehring, 62 Hun, 621.

An agreement to surrender at a future time comes within the statute of frauds. Kelly v. Noxon, *ante*.

The case of McKenzie v. Harrison, 120 N. Y. 260, shows that a lessor cannot repudiate an agreement respecting the covenants of the lease so far as it has been executed, and that so far it cannot be revoked.

An executed surrender cannot be revoked. Hurley v. Sehring, *ante*.