(5 Misc. Rep. 349.)

CARTLEDGE v. CRESPO.

(City Court of New York, General Term.  October 20, 1893.)

PAROL EVIDENCE—CONDITION PRECEDENT.
    Where defendant refused to sign a lease tendered by plaintiff unless the latter would first agree to put the demised premises in repair, such promise is a condition precedent to the lease, and may be shown by parol evidence.

Appeal from trial term.
Action by John Cartledge against Lizzie Crespo, alias Lizzie Olivella, on a lease.  From a judgment for plaintiff, defendant appeals.  Reversed.
Argued before EHRLICH, C. J., and McCARTHY, J.

Abram Kling, for appellant.
Earley & Prendergast, for respondent.

McCARTHY, J.  This is an appeal from a judgment entered upon a verdict of a jury directed in favor of the plaintiff for $221.50 upon a trial before court and a jury.  The complaint set forth—

That on the 9th day of March, 1891, the plaintiff by a written lease rented to the defendant for the term of one year commencing on the 1st day of May, 1891, the premises known as "No. 117 East 110th Street" in the city of New York, at the yearly rent of $600, payable in monthly payments in advance.  That the defendant has not paid the rent of said premises for the months of May, June, July, and August, amounting to $200, and for which judgment was demanded.  Fourth. The defendant alleges as a defense that she has not paid the rents as set forth in the complaint, and that on or about the 24th day of April, 1891, before the rent claimed in said complaint became due, defendant surrendered to the plaintiff in the complaint, and plaintiff accepted the surrender thereof.  Fifth. The defendant, for a further

and separate defense, set forth that at the time of the execution of said lease mentioned in the complaint the plaintiff represented and agreed with the defendant, in consideration that said defendant would execute said lease mentioned in the complaint, that he would put said premises in good repair and condition and in a state fit for habitation, to the satisfaction of the defendant herein; and it was agreed that, in the event of said plaintiff failing to make said repairs mentioned in said complaint, said lease should not operate and go into effect, and the defendant, relying and believing said representations to be true, signed and executed said lease. Sixth. The defendant further alleges that said statements and representations so made by the plaintiff were false; that he neglected and did refuse to put said premises in a state fit for habitation, and which was the condition on which said lease was executed, whereupon the defendant refused to enter upon the enjoyment of said premises mentioned in the complaint. Seventh. Upon the trial of the action the defendant was allowed the affirmative of the issue, who testified that she entered in the occupation of these premises in May, 1890, and that about the month of March, 1891, the agent of the plaintiff in this action asked her to go to his office, and that at an interview had at the time between the agent and the defendant he requested her to sign a lease, when she testified as follows: "He showed me the lease; and my daughter was with me, and we both had it in our hands, reading it; and it said I was to do all the repairs of the house; and when I seen that I said, 'Throw it down.' and I threw it right down. I said: 'I won't sign that. I will not keep the house in repairs.' So I was going out, and he called me back and said, 'Are you not going to sign the lease?' I said, 'No,' I would not keep the house in repairs, and he said: 'I promise you faithfully I will put that house in repair for you, I will fix the ceiling,'—where it leaked, and the parlor window where I could not close it down, and one of those large bay windows, and the front door and the water-closet; and he agreed to do it, and I took his word and signed the lease, through that, and no more.' He said he would do this before my lease commenced."

It is conceded that no repairs were made, and that in the latter part of April, 1891, before the commencement of the term of the lease in question, the defendant moved out.

The only question of merit on this appeal is the exclusion of parol evidence to establish the fact that the lease in question was not to become a binding contract until the performance of a condition precedent agreed upon between the plaintiff and the defendant, and the refusal of the court to permit the defendant to go to the jury on the same. The evidence shows that the defendant refused to sign the lease containing the provision for repairs for the term beginning May, 1891. It appears that at the time of making the lease the premises were out of repairs in the particulars mentioned in the evidence, and this was the reason for such refusal. That thereupon the plaintiff agreed to do the repairs spoken of before the commencement of the term of the lease in question, and upon that condition the plaintiff signed the lease. No such repairs being made, we are of the opinion that this was a condition precedent, resting in parol, and was admissible; that it is not in the nature of the tradition, alteration, or variance of the written agreement. See opinion of Bischoff, J., in Sire v. Rumbold, (Com. Pl. N. Y.) 14 N. Y. Supp. 926, and Corn v. Rosenthal, (Com. Pl. N. Y.) 20 N. Y. Supp. 632. It brings the case within the rule, now quite well established, that parol evidence is admissible to show that a written paper which in form is a complete contract, of which there has been a manual tradition, was nevertheless not to become a

binding contract until the performance of some condition precedent resting in parol. Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. Rep. 127; Chapin v. Dobson, 78 N. Y. 81; Benton v. Martin, 52 N. Y. 574; Engelhorn v. Reitlinger, 122 N. Y. 80, 25 N. E. Rep. 297. The case of Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. Rep. 94, is not in point. There the defendant held over after the expiration of the original lease, and thus became liable for the rent for the new term. For these reasons the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.