(19 Misc. Rep. 308.)

## PLANT v. HERNREICH.

(Onondaga County Court. January, 1897.)

1. LANDLORD AND TENANT—AGREEMENT TO REPAIR.
    Plaintiff leased a house from defendant orally. In the conversation defendant said: "If you want the place fixed up in good shape, it will cost you $18 a month." Plaintiff said, "You have got to repair the house and put in a furnace for $18," to which defendant answered: "All right, I will fix the house. There is some repairs in the kitchen and kitchen bedroom and pantry. Those I am going to fix as soon as you move in." Plaintiff moved in. *Held*, that the agreement to repair was not a condition precedent to the. taking effect of the lease, and that, on a failure of defendant to repair when notified to do so, plaintiff was not entitled to treat the entire contract as broken, and to recover as damages the expense incurred in moving into the house and from it to another, though he was entitled to damages for breach of the agreement to repair.

2. SAME—DAMAGES FOR BREACH.
    Where the evidence showed a breach of an agreement of the landlord to repair, for which the tenant was entitled to damages, a judgment in favor of the landlord for the entire rent accrued will be reversed, though the evidence of damages introduced by the tenant was based on a mistaken theory as to the measure of damages.

Appeal from municipal court of Syracuse.

Action by Levi Plant against Pausach Hernreich for breach of contract of lease. Defendant filed counterclaim for rent under the lease. There was a judgment in favor of defendant for $18 damages and costs, and plaintiff appeals. Reversed.

Newell & Chapman, for appellant.
Rubin & Tierney, for respondent.

ROSS, J. The complaint alleges a breach of contract arising under a lease. Answer, denial and counterclaim. Fifty dollars demanded as an affirmative judgment.

The plaintiff was the only witness sworn upon the trial. The plaintiff testifies that prior to May 1, 1896, he had the following conversation with the defendant:

"Mr. Hernreich came in and said, 'I heard that you are looking for a house; I want to have you for a tenant in my house.' I said, 'All right, I will take your house.' And I said, 'What rent do you want for that house?' He said, 'I will not rent it for less than $18 a month, for the house with a furnace.' I said, 'Mr. Hernreich, all right.' * * * I said, 'If I make any agreement, I make it for each year"; and I said, 'You have got to repair the house and put in a furnace for $18'; and he said: 'All right, I will fix the house. There is some repairs in the kitchen and the kitchen bedroom and pantry; those I am going to fix as soon as you move in.' * * * And he said, 'The house is for you at $18 a month; I will repair the house, everything that is necessary, and put in the furnace.' * * * He said, '$14 a month rent is not enough'; and he said, 'If you want the place fixed up in good shape, it will cost you $18 a month.' Something was said with reference to the particular repairs that should be made. The kitchen pantry and the kitchen bedroom and the closet doors was settled there also, and I told him I would move in. Of course, then, I moved in in May."

On June 5th the plaintiff served a written notice upon the defendant that unless the agreed repairs were made before June 12th he

would vacate the premises.    There was evidence from which the court might find that the repairs were not made, and the plaintiff vacated the premises the latter part of June.    The plaintiff seeks to recover as damages the expense of moving to and from the premises, time spent in finding another house, and expenses which he has incurred in fitting his carpets and furniture to the rooms of the defendant's premises.

From the foregoing statement must be spelled out whatever contract existed between the parties to this action.    The parties evidently contemplated that some of the repairs were to be made after the plaintiff moved in.    "There is some repairs in the kitchen and the kitchen bedroom and pantry; those I am going to fix as soon as you move in."    The plaintiff contends that the agreement to repair was a condition precedent.    I do not think this contention is correct. The plaintiff on his part agreed:    (a) To accept the estate with its attendant burdens;  with other things, to occupy; to use for lawful purposes only; to make ordinary repairs.    Suydam v. Jackson, 54 N. Y. 450.    (b) To pay the sum agreed upon for rent.    The defendant on his part agreed to (a) rent the premises, i. e. part with his estate therein, during the period agreed upon, including, of course, possession; and (b) to repair.

It was stated over 200 years ago, by Mr. Sergeant Williams, in his third rule:

"Where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant, without averring performance in the declaration."

See note to Pordage v. Cole, 1 W. Saund. 319, Langd. Cas. Cont. 640.

The reason of this rule is stated in Ellen v. Topp, 6 Exch. 424, Langd. Cas. Cont. 549:

"That, where a person has received a part of the consideration for which he entered into the agreement, it would be unjust that because he had not had the whole he should therefore be permitted to enjoy that part without either paying or doing anything for it.    Therefore the law obliges him to perform the agreement on his part, and leaves him to his remedy to recover any damages he may have sustained in not having received the whole consideration."

In this case the plaintiff has received a part of the consideration for his covenant to pay rent, i. e. the estate for the time being, and, it seems to me, is squarely within the above rule.

Again, a condition precedent must be performed to render the conditional promise absolute; but where a party has accepted the benefit of a part performance he will be precluded from relying upon the nonperformance of a part.    Leake, Cont. 350.    The case of Cartledge v. Crespo, 5 Misc. Rep. 349, 25 N. Y. Supp. 515, cited by the plaintiff's attorney, holds that parol evidence was admissible to show the existence of a condition precedent.    Cairnes v. Walter, 7 Misc. Rep. 431, 27 N. Y. Supp. 973, was a decision overruling a demurrer to a complaint, which complaint stated that the defendant knew that the premises were uninhabitable, and agreed to put them in proper condition, and that defendant was induced by such representations to enter

into a lease, etc.; and this case was decided upon the authority of the Cartledge Case, and the case of Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127, which latter case also held that parol evidence is admissible to show the existence of a condition precedent. In the Cairnes Case there were, unlike this case, two separate agreements; and, assuming the facts in the complaint to be true, the knowledge of the landlord, the uninhabitable condition of the premises, the fact that the landlord's promising to repair was the cause of plaintiff's making the lease, might correctly be held to state a cause of action. All these elements are lacking in this case. There is only one agreement. It does not appear that the premises were uninhabitable. No separate promise on the part of the landlord can be pointed out which was to be performed before the balance of the contract was to be operative. If the contention of the plaintiff in this regard, that the promise to repair was a condition precedent, is correct, he could have continued to have occupied the premises and refused to pay rent, for a condition precedent must be performed. Dakin v. Williams, 11 Wend. 70.

But while I think that the contention of the plaintiff that the promise to repair was a condition precedent is erroneous, and the contention of the defendant that the covenants are independent is correct, it does not follow that the plaintiff is not entitled to recover. The plaintiff could have made the repairs himself, and charged the same to the lessor. Cook v. Soule, 56 N. Y. 420. But it cannot be said as a matter of law, upon the evidence produced, that the repairs in this case were of such a trifling character and involved no structural changes in the dwelling as to require that the tenant should have made them himself. The tenant could have made the repairs himself, but he was not bound to do so. In the language of the court in Myers v. Burns, 35 N. Y. 273: "He could have called upon the plaintiff [landlord] to take the ordinary responsibility of a party failing to perform his contract, to wit, to pay the damages caused by such failure." Kelsey v. Ward, 38 N. Y. 83. This follows, necessarily, from the rule contended for by the defendant, that the covenant to repair and to pay rent are independent. Thomson-Houston Electric Co. v. Durant Land Imp. Co., 144 N. Y. 34, 44, 39 N. E. 7.

The learned court below necessarily found that the plaintiff was not entitled to recover any damages whatever, and that the defendant was entitled to recover the entire amount of rent, and I think that this judgment, in view of the uncontradicted evidence, is erroneous. Even if the plaintiff did not give any evidence founded upon the true measure of damages, this judgment should not stand as a determination of the substantial rights of these parties as to the recovery of rent which accrued or would accrue. Thomson-Houston Electric Co. v. Durant Land Imp. Co., 144 N. Y. 49, 39 N. E. 7. As stated in the above case: "But it would be a perversion of justice to deny a new trial in a case like the present, where the court can say that substantial damages have been suffered, but the party mistook the basis on which they should be ascertained." But whether this case is within the rule established in certain cases of this character that the damages alleged

are the difference in value of the property in the condition in which it was and that in which it was to have been placed, or whether it comes within the rule of special damages sustained by the tenant and reasonably within the contemplation of the parties at the time the agreement was made, is not passed upon. Thomson-Houston Electric Co v. Durant Land Imp. Co., 144 N. Y. 46, 39 N. E. 7. Neither do I pass upon the question whether the failure to repair amounted to an eviction, and justified the plaintiff in abandoning the premises. These questions can better be determined upon a fuller development of the facts. If the defendant's contention is correct, the only remedy a tenant has upon a breach of a covenant to repair is to make the repairs himself, or to recoup or counterclaim when sued for rent, both of which remedies may be impracticable and valueless. If this contention of the defendant is not well founded, the plaintiff can maintain this action irrespective of the amount of damages to which he may be entitled, whether large or small, and that he is entitled to some damages, upon the proof offered, I believe. The respective attorneys have ably presented this case, and are entitled to have the views of the court fully stated. Within the authority given me by the provisions of section 22, c. 137, Laws 1894, I order a new trial before P. J. Ryan, one of the judges of the municipal court of Syracuse, on January 15, 1897, at 10 o'clock a. m.

Judgment reversed, with $10 costs to the appellant, together with the costs and disbursements below, and a new trial ordered as above; provided, however, that if the costs herein provided for are not paid to the appellant's attorneys before January 15, 1897, then and in that event judgment is reversed absolutely, with costs, and the appellant's attorneys may, upon two days' notice, upon the foot of the judgment entered herein, move to amend the same accordingly. Ordered accordingly.