## FALLIS, Respondent, v. GRAY, Appellant.

St. Louis Court of Appeals, November 14, 1905.

1. **LANDLORD AND TENANT: Covenant to Repair: Money Had and Received.** Where the landlord agreed with the tenant to repair the premises before the tenant should occupy them, but failed to make such repairs, so that the tenant never took possession the tenant may recover the amount of rent paid in advance in an action for money had and received.

2. ————: **Surrender of Lease: Reletting Premises.** Where it was agreed between a landlord and tenant, who had not taken possession, that the term should cease as soon as the landlord found a new tenant, and the premises were relet before the expiration of the time for which the tenant had paid, the tenant was entitled to recover from the landlord whatever rent was received by the landlord from the new tenant for that unexpired time.

3. ————: ————: ————. The tenant could likewise recover the amount received by the landlord from the new tenant for such unexpired time, where the tenant refused to occupy the premises, without an agreement to surrender.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

Fallis v. Gray.

AFFIRMED.

*H. A. Loevy* for appellant.

Plaintiff sues on an express promise to repay, but the judgment is on *quantum meruit,* a different theory altogether, which is not permissible. Hess v. Corwin, 109 Mo. App. 24. There was no consideration for appellant's alleged promise, claimed to have been made long after contract of tenancy, to refund the $15. And such promise was not a part of the original contract of letting because plaintiff says himself he did not request refund until a week or more after he had paid the rent. Haseltine v. Ausherman, 87 Mo. 410. The finding is excessive. Plaintiff was entitled (if at all) only to amount equivalent to rent from September 1st to September 13th, twelve days at 50 cents, $6.00, while verdict is for $11.25.

*Chas. H. Walton* for respondent.

A statement before a justice may authorize a recovery on a special contract, or *quantum meruit,* as the evidence may warrant. West v. Freeman, 76 Mo. App. 101; Buschman v. Bray, 68 Mo. App. 11; Lemon v. Lloyd, 46 Mo. App. 457.

STATEMENT.—In a statement filed before a justice of the peace, plaintiff averred that on August 8, 1904, he contracted with the defendant to rent him a flat, No. 5331 Patton avenue, in the city of St. Louis, at a monthly rental of $15; that the contract was made on the express condition that defendant would have the house cleaned and put in good and tenantable repair; that relying on defendant's promises to that effect the plaintiff paid defendant $15 and took a receipt for it; that defendant failed and refused to clean and put the flat in good condition, though often requested to do so and finally plaintiff told defendant either to put the flat in tenantable shape or return the $15 paid for the first month's rent,

Fallis v. Gray.

and defendant agreed to refund the money, but subsequently refused. In view of those facts plaintiff prayed that defendant be required to return the money she had received belonging to plaintiff and that judgment be entered for it.

The contract was verbal. Plaintiff's testimony is that on Sunday, August 7, 1904, he called on the defendant to rent a three-room flat on Patton avenue which his wife had seen. The flat was in a filthy condition and needed plastering, cleaning and papering. Defendant agreed to repair the plaster and paper the walls. Plaintiff told her his term expired where he was then living on the following Friday and it would be necessary for him to move promptly. Defendant said she was not sure she could get the flat in proper condition by Friday, but she could by the following Sunday. Plaintiff said he would like to move on that day (Sunday) because he could help his wife; that he would see his present landlord and if he could procure the privilege of staying where he was for a week longer (that is from the Sunday when he visited the defendant until the following Sunday, when the flat was to be in repair) he would take the flat. His landlord agreed to let him stay; so on Monday, August 8th, he sent his wife to pay one month's rent to the defendant, provided defendant still agreed to paper the flat and put it in tenantable order. Plaintiff's wife called on defeendant on the 8th, paid her $15 and took a receipt which recited that the rent was for the month from August 13th to September 13th. The plastering was done prior to August 13th, but the house was not cleaned or papered, as plaintiff swore it was to be before he became bound by his contract to occupy it or to pay rent. Such, in substance, was the arrangement between the parties as testified to by the plaintiff.

The defendant swore she agreed to fix the plastering and to paper the house, but with the understanding that the papering was to be done after plaintiff moved in and that he was to clean the house himself before the

paper was put on the walls.   She said repairing the
plaster would make a litter which plaintiff agreed he
would clean up after he moved in; whereupon she would
have the walls papered; that the rent was not to com-
mence until August 13th because plaintiff was given the
few days necessary to clean the house so it could be pa-
pered.   The idea is that the rent was to begin after the
house was completely repaired; but the papering would
have to be done after plaintiff had occupied it and, there-
fore, he was allowed to occupy it rent-free until the re-
pairs were finished.   There was a direct conflict between
the testimony of plaintiff and that of defendant on this
point.   The defendant swore the plastering was done by
Tuesday, August 9th, and that, according to the con-
tract, plaintiff should have moved in immediately and
prepared the house for the papering.   Plaintiff swore his
wife was unable to clean the house and he refused to
occupy it until the defendant had cleaned and papered
it, as, according to plaintiff, she had agreed to do.   Two
or three interviews occurred between the parties, in
which plaintiff insisted on the house being papered be-
fore he would move in and defendant insisted on his
moving in before it was papered.   Finally the plaintiff
demanded back the money he had paid; the first month's
rent.   Plaintiff swore defendant agreed to return it
when she obtained another tenant; and defendant swore
she refused to return it at all.   The house was rented
during the month of August to another tenant, but at
just what date his rent began is uncertain.   He moved
in on August 20th and the repairs were completed Au-
gust 24th.   Defendant insists the other tenant's rent did
not begin until September first; but we find no evidence
to that effect.   The testimony goes to show the rent be-
gan either on the 20th or 24th. Plaintiff instituted this
action to recover the $15 he had paid. The case was tried
before a justice of the peace and an appeal taken to the
circuit court; where, on a trial anew, judgment was en-
tered for plaintiff for $11.25, and defendant appealed

to this court. No instructions were requested by either side.

GOODE, J. (after stating the facts).—The defendant raises three points against the judgment: first, that the plaintiff sued on an express promise to repay him and got judgment on a *quantum meruit;* second, that there was no consideration for the promise to repay, which was not given as part of the original contract of letting, but a week or more later; third, that the finding for plaintiff is excessive; as, in any event, he would be entitled only to an amount equal to the rent from September 1st to September 13th, which amount would be $6.

The statement does not necessarily declare on a promise by the defendant to repay plaintiff the money he had advanced for the month's rent. It avers that such a promise was made; not as the gravamen of the complaint, but as one of the facts of the transaction, which facts the statement recites. In our opinion the cause of action relied on is the failure of the condition precedent, on which plaintiff's obligation to pay rent depended, to-wit: defendant's agreement to repair the house and make it tenantable. According to plaintiff's testimony this was an express stipulation; and it would have been a covenant if the lease had been under seal. It was equivalent to a covenant to make the premises tenantable. The burden of the complaint is that this stipulation was not kept, and, therefore, plaintiff was excused from the duty to occupy the premises and entitled to recover, as money had and received by the defendant, the rent he had paid but which never fell due. There is no doubt that an express covenant to make premises tenantable before a lessee shall be bound to occupy them or the rent begin, is a condition precedent; and until complied with a lessee is not bound for the rent; and if he has paid it before the lessor refuses to repair, he may coun-

terclaim for damages.  [2 McAdam, Landlord and Tenant, sec. 386, pp. 1247, 1249.]  If the condition on which the lease was to be operative was never complied with by defendant, plaintiff was entitled to sue for the money paid.  This ruling disposes of the first two points.  Of the first because the action is not *quantum meruit;* and of the second because it is not on a promise to repay, void for lack of consideration, but is for money had and received which the defendant is not entitled to hold.

It is said the judgment is excessive.  The case could have been disposed of for the plaintiff on one of three theories.  The first is that if the plaintiff's testimony regarding the contract was true, the condition on which he was to become a tenant never occurred.  If the trial court, as trier of the facts, found that way, plaintiff was entitled to the entire consideration he had advanced, and the judgment is too small.  The second theory is, that by mutual consent plaintiff and defendant agreed that plaintiff's term should be surrendered as soon as defendant found a new tenant.  On this theory, when the premises were relet during the term for which plaintiff had paid defendant, plaintiff became entitled to receive whatever rent was paid for said term.  [2 McAdam, sec. 396, p. 1271; Stanley v. Koehler, 1 Hilt. 352; Smith v. Niven, 2 Barb. 180; Page v. Ellsworth, 44 Barb. 636; Carthledge v. Crespo, 5 Misc. 349.]  The third theory is that the defendant's version of the contract was true and plaintiff was bound for the rent from August 13th to September 13th, whether he occupied the house or not.  The defendant relet the premises in question for part of the month for which plaintiff had paid.  Plaintiff, therefore is entitled to be reimbursed the sum received from the new tenant.  [2 McAdam, Landlord and Tenant, sec. 400.]  If defendant's version of the contract is correct, plaintiff had the right to move into the house at any day prior to September 13th, and by reletting before that date, plaintiff was practically evicted.  If we couple that fact with the one that plaintiff got double

rent for part of the month, we know of no principle on which defendant can be excused from liability to plaintiff.

Just what reimbursement plaintiff would be entitled to on either the second or third theory of the facts would depend on when the new tenant's rent began; which, as said, was either the 20th or 24th of August. The court allowed plaintiff three-fourths of a month's rent; and the presumption from the judgment is that the facts were found according to either the second or third of the possible theories of the case. This being assumed, it follows that the court must have found that the premises stood empty for one week of plaintiff's month, that is, from August 13th to August 20th. This was equivalent to finding that the new tenant's rent began to run on August 20th; and as the evidence admits of that conclusion, it cannot be reversed by us.

The judgment is affirmed. All concur.